# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-31181
Summary Calendar

JUSTO E. ROQUE, JR.,

Plaintiff–Appellant,

v.

GREG MEEKS, Postal Office Manager; UNITED STATES POSTAL
SERVICE,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-4143

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Justo E. Roque, Jr. appeals the district court's dismissal of his case for failure to exhaust administrative remedies. We affirm.

**I**

On August 14, 2007, Roque mailed a package to the American Red Cross Hurricane Relief Program through certified mail. After failing to receive a confirmation of delivery, Roque made several inquiries and complaints to Greg

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Meeks and the United States Postal Service (USPS). Roque contends that Meeks and the USPS were negligent in their response to his inquiries.

On April 10, 2008, Roque submitted a letter to the USPS styled as a "Complaint." Without receiving a written denial of his "Complaint," Roque filed suit in federal district court on August 19, 2008. The district court dismissed the suit for failure to exhaust administrative remedies. Roque timely appealed.

## II

We review the district court's dismissal under Rule 12(b)(1) de novo.[1]

The Federal Tort Claims Act (FTCA) requires a plaintiff to exhaust his available administrative remedies before bringing suit.[2] If, after filing an administrative complaint, the agency fails "to make final disposition of a claim within six months after it is filed," the claimant may deem such inaction to be a final denial of the claim.[3]

Viewing the facts in the light most favorable to Roque,[4] we construe his April 10, 2008 letter to constitute an administrative claim under the FTCA. However, Roque did not produce a written denial of his claim, nor did he wait six

---

[1] *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

[2] *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

[3] *Id.*

[4] *See Lane*, 529 F.3d at 557 ("In reviewing the dismissal order, we take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff.").

months before filing his complaint on August 19, 2008. Therefore, Roque failed to exhaust his administrative remedies before bringing suit.[5]

AFFIRMED.

---

[5] *See* 28 U.S.C. § 2675(a).